# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
March 10, 2015 Session

## KERRIE JANEL WADE v. VERNON FRANKLIN WADE, JR.

**Direct Appeal from the Chancery Court for Benton County**
**No. 2613      Paul G. Summers, Judge**

---

**No. W2014-01098-COA-R3-CV – Filed April 28, 2015**

---

BRANDON O. GIBSON, J., concurring in part, and dissenting in part.

I concur in the majority's decision regarding the Father's designation as primary residential parent.

However, I must respectfully dissent in the majority's determination regarding rehabilitative and/or transitional alimony, given the wide discretion trial courts have in determining matters of spousal support. *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011). A trial court's decision regarding spousal support is also factually driven and necessarily involves the careful balancing of many factors. *Id.* As the *Gonsewski* court stated:

> "[t]he role of an appellate court in reviewing an award of spousal support is to determine whether the trial court applied the correct legal standard and reached a decision that is not clearly unreasonable." *Broadbent v. Broadbent*, 211 S.W.3d 216, 220 (Tenn.2006). Appellate courts decline to second-guess a trial court's decision absent an abuse of discretion. *Robertson* [*v. Robertson*, 76 S.W.3d 337, 343 (Tenn. 2002)]. An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn.2011); *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn.2010). This standard does not permit an appellate court to substitute its judgment for that of the trial court, but "'reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives,' and thus 'envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal.'"

*Henderson*, 318 S.W.3d at 335 (quoting *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn.2010)). Consequently, when reviewing a discretionary decision by the trial court, such as an alimony determination, the appellate court should presume that the decision is correct and should review the evidence in the light most favorable to the decision. *Wright*, 337 S.W.3d at 176; *Henderson*, 318 S.W.3d at 335.

*Gonsewski*, 350 S.W.3d at 105-106.

I recognize that there is a significant income disparity between Father and Mother and that Mother committed many years to full-time child rearing and home schooling. These are both important factors for the trial court to examine. Tennessee Code Annotated Section 36-5-121(i) enumerates twelve factors a trial court must consider, and the record reflects that the trial court in this case did consider those factors. While each factor should be considered, "the two that are considered the most important are the disadvantaged spouse's need and the obligor spouse's ability to pay." *Gonsewski*, 350 S.W.3d at 110 (quoting *Riggs v. Riggs*, 250 S.W.3d 453, 457 (Tenn. Ct. App. 2007)). The record in this case indicates that the Father's expenses exceed his income, and Mother did very little to challenge those expenses at trial. The trial court was well within its discretion to determine that "Father's inability to pay alimony is obvious."

If I were permitted to substitute my judgment for that of the trial court, I may have reached a different conclusion than the judge in this case. However, the directives to this Court are clear, and since the trial court's decision reflects a "choice among several acceptable alternatives," I do not believe the trial court abused its discretion and would therefore affirm the trial court's ruling on spousal support.

_____
BRANDON O. GIBSON, JUDGE

2